IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLERGAN USA, INC., ALLERGAN HOLDINGS UNLIMITED COMPANY and EDEN BIODESIGN, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>HETERO LABS LIMITED and HETERO USA, INC.,<br><br>*Defendants*. | C.A. No. _____ |

## COMPLAINT

Allergan USA, Inc. and Allergan Holdings Unlimited Company (collectively, "Allergan"), and Eden Biodesign, LLC (collectively with Allergan, "Plaintiffs"), for their Complaint against Defendants Hetero Labs Limited and Hetero USA, Inc. (collectively, "Hetero"), hereby allege as follows.

## THE PARTIES

1. Plaintiff Allergan USA, Inc. is a Delaware corporation with a principal place of business at 2525 Dupont Drive, Irvine, California 92612, United States. Plaintiff Allergan USA, Inc. has a registered address at 5 Giralda Farms, Madison, New Jersey 07940, United States.

2. Plaintiff Allergan Holdings Unlimited Company is an Irish corporation having a principal place of business at Clonshaugh Business & Technology Park, Coolock, Dublin 17, Ireland.

3. Plaintiff Eden Biodesign, LLC is a Delaware corporation having a place of business at 5 Giralda Farms, Madison, New Jersey 07940, United States.

4. Upon information and belief, Defendant Hetero Labs Limited is a corporation

organized and existing under the laws of India, having a place of business at 7-2-A2 Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad - 500018, Telangana, India. Upon information and belief, Defendant Hetero Labs Limited manufactures, imports, and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including through its wholly owned subsidiary and agent Hetero USA, Inc.

5. Upon information and belief, Defendant Hetero USA, Inc. is a Delaware corporation having a principal place of business at 1035 Centennial Avenue, Piscataway, New Jersey 08854. Upon information and belief, Defendant Hetero USA, Inc. is a wholly owned subsidiary of Hetero Labs Limited. Upon information and belief, Defendant Hetero USA, Inc. manufactures, imports, and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including as a subsidiary and agent of Hetero Labs Limited.

## NATURE OF THE ACTION

6. This is a civil action for patent infringement by Hetero of Allergan's United States Patent No. 11,007,179 (the "'179 patent"). This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and arises from Hetero's submission of Abbreviated New Drug Application ("ANDA") ANDA No. 213427 to the United States Food and Drug Administration ("FDA") seeking to commercialize a generic version of Allergan's Viberzi® brand eluxadoline tablets throughout the United States, including in this judicial district, before the expiration of the '179 patent.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Hetero USA, Inc. because, on information and belief, Hetero USA, Inc. is a corporation organized and existing under the laws of Delaware.

9. This Court has personal jurisdiction over Hetero Labs Limited because, *inter alia*, it has maintained continuous and systematic contacts with this judicial district and availed itself of the privilege of doing business in this judicial district. On information and belief, Hetero Labs Limited has committed, or aided, abetted, induced, contributed to, and/or participated in the commission of a tortious act of patent infringement that will lead to foreseeable harm and injury to Plaintiffs in Delaware. Hetero Labs Limited has participated in the preparation, filing, and/or amendment of an ANDA seeking approval to market and sell a generic version of Allergan's branded product, Viberzi®, and has distribution channels and plans to market and sell its generic product throughout the United States, including in this judicial district, before the '179 patent expires.

10. This Court also has personal jurisdiction over Hetero by virtue of, *inter alia*, its systematic and continuous contacts with Delaware. Upon information and belief, Hetero is amenable to litigating in this forum based on Hetero's conduct in multiple prior litigations in this judicial district. For example, Hetero did not contest this Court's jurisdiction in Plaintiffs' previously-filed civil action regarding Hetero's ANDA No. 213427, Civil Action Nos. 19-1727-RGA and 20-1344-RGA. *Allergan USA, Inc. et al. v. Hetero Labs Ltd. et al.*, C.A. No. 19-1727-RGA, D.I. 21 at ¶¶ 15, 19–20 (D. Del.); *Allergan USA, Inc. et al. v. Hetero Labs Ltd. et al.*, C.A. No. 20-1344-RGA, D.I. 10 at ¶¶ 9−11 (D. Del.).

11. Venue is proper in this judicial district for Hetero USA, Inc. pursuant to 28 U.S.C. § 1400(b) because Hetero USA, Inc. is a corporation organized and existing under the laws of Delaware.

12. Venue is proper in this judicial district for Hetero Labs Limited pursuant to 28 U.S.C. § 1391 because Hetero Labs Limited is organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this District.

## THE PATENT

13. On May 18, 2021, the '179 patent, titled "Opioid Receptor Modulator Dosage Formations," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). Allergan Holdings Unlimited Company is the owner and assignee of the '179 patent. A copy of the '179 patent is attached hereto as Exhibit A.

14. Allergan Holdings Unlimited Company holds New Drug Application ("NDA") No. 206940 for Viberzi® brand eluxadoline tablets. Viberzi® is approved for the treatment of irritable bowel syndrome with diarrhea ("IBS-D") in adults. The '179 patent is listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") for Viberzi®, along with fourteen other patents.

15. Allergan USA, Inc. is the exclusive distributor of Viberzi® in the United States.

16. Eden Biodesign, LLC is the exclusive licensee of the '179 patent.

## ACTS GIVING RISE TO THIS ACTION

17. Upon information and belief, on or before July 31, 2019, Hetero submitted ANDA No. 213427 to the FDA under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). ANDA No. 213427 seeks FDA approval for the commercial manufacture, use, and sale of generic oral tablet products containing 75 mg and 100 mg of eluxadoline as the active ingredient ("the Hetero Generic Products").

18. Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 213427 previously included certifications that the claims of U.S. Patent No. 9,675,587

4

(the "'587 patent") and U.S. Patent No. 10,188,632 (the "'632 patent") were invalid, unenforceable, and/or would not be infringed by the manufacture, use, importation, offer for sale, or sale of the Hetero Generic Products. Allergan received written notification of ANDA No. 213427 and Hetero's certifications pursuant to § 505(j)(2)(A)(vii)(IV) with respect to the '587 patent and the '632 patent on or about July 31, 2019, and timely filed suit with respect to those patents on September 13, 2019. *Allergan USA, Inc. et al. v. Hetero Labs Ltd. et al.*, C.A. No. 19-1727-RGA (D. Del.).

19. Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, Hetero amended ANDA No. 213427 to include certifications that the claims of U.S. Patent No. 7,741,356 (the "'356 patent") were invalid, unenforceable, and/or would not be infringed by the manufacture, use, importation, offer for sale, or sale of the Hetero Generic Products. Allergan received written notification of Hetero's Amendment of ANDA No. 213427 and Hetero's certifications pursuant to § 505(j)(2)(A)(vii)(IV) with respect to the '356 patent on or about September 10, 2020, and timely filed suit with respect to that patent on October 2, 2020. *See Allergan USA, Inc. et al. v. Hetero Labs Ltd.*, C.A. No. 20-1344-RGA (D. Del.).

20. Hetero has not submitted any certifications pursuant to § 505(j)(2)(A)(vii)(IV) for the other patents listed in the Orange Book for Viberzi® other than the '587, '632, and '356 patents. The unchallenged patents expire no earlier than July 7, 2028. As a result, under the Hatch-Waxman Act, Hetero cannot manufacture, import into the United States, use, sell, or offer for sale the Hetero Generic Products described in ANDA No. 213427 prior to July 7, 2028, regardless of the outcome of this action.

21. Hetero's submission of ANDA No. 213427 to the FDA constitutes infringement of one or more claims of the '179 patent under 35 U.S.C. § 271(e)(2)(A). Although the '179 patent

5

did not issue until after ANDA No. 213427 was filed, this does not preclude Hetero from infringement liability under 35 U.S.C. § 271(e)(2). *Vanda Pharms. Inc. v. W.-Ward Pharms. Int'l Ltd.*, 887 F.3d 1117, 1127 (Fed. Cir. 2018).

22. Hetero's participation in, contribution to, inducement of, aiding, or abetting the submission of ANDA No. 213427 constitutes direct, contributory, or induced infringement of one or more claims of the '179 patent under 35 U.S.C. § 271(e)(2)(A).

23. Upon information and belief, if Hetero commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, the Hetero Generic Products, or induces or contributes to any such conduct, it would further infringe, *inter alia*, one or more claims of the '179 patent under 35 U.S.C. § 271(a), (b), and (c).

24. Upon information and belief, Hetero has infringed, *inter alia*, one or more claims of the '179 patent under 35 U.S.C. § 271(e)(2)(A), and, upon information and belief, will further infringe, *inter alia*, one or more of these claims under 35 U.S.C. § 271(a), (b), and (c), because, *inter alia*, the Hetero Generic Products and the methods of using the Hetero Generic Products, *e.g.*, by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert and prescribing information will meet each and every claim element of one or more claims of the '179 patent, either literally or under the doctrine of equivalents.

25. Upon information and belief, Hetero has participated in, contributed to, aided, abetted, and/or induced infringement of the '179 patent and/or will participate in, contribute to, aid, abet, and/or induce infringement of the '179 patent once the Hetero Generic Products are commercially made, used, offered for sale, or sold in the United States, or imported into the United States.

26. Upon information and belief, Hetero has knowledge that if it were to receive

approval from the FDA to market the Hetero Generic Products described in ANDA No. 213427 and make the Hetero Generic Products available for sale and/or use by others, *e.g.,* by doctors, pharmacists, healthcare providers and patients, according to the package insert and prescribing information during the proposed shelf life of the products before expiration of the '179 patent, such activities would result in the sale and/or use of a product that itself infringes and/or is especially made for an infringing use. Upon information and belief, Hetero has knowledge of such infringement and/or such infringing use and also knows that the products described in ANDA No. 213427 are not a staple article or commodity of commerce suitable for substantial non-infringing use, but rather are especially made to infringe and/or are especially adapted for use in the direct infringement of the '179 patent.

27. Hetero's actions render this an exceptional case under 35 U.S.C. § 285.

28. Plaintiffs will be irreparably harmed by Hetero's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

a) That Hetero's submission of ANDA No. 213427 is an act of infringement of one or more claims of the '179 patent under 35 U.S.C. § 271(e)(2);

b) That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Hetero's ANDA No. 213427 shall not be earlier than the expiration date of the '179 patent, including any extensions or exclusivities;

c) That Hetero, its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, be permanently enjoined from commercially manufacturing, using, offering for sale, or selling in the United States, or importing into the United

States, the Hetero Generic Products, and any other product that infringes or induces infringement or contributes to the infringement of the '179 patent, prior to the expiration of the '179 patent, including any extensions or exclusivities;

   d) That this is an exceptional case under 35 U.S.C. § 285 and that Plaintiffs be awarded the attorneys' fees, costs, and expenses that they incur prosecuting this action; and

   e) That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| | */s/ Jeremy A. Tigan* |
| | Jack B. Blumenfeld (#1014) |
| | Jeremy A. Tigan (#5239) |
| OF COUNSEL: | 1201 North Market Street |
| | P.O. Box 1347 |
| Lisa B. Pensabene | Wilmington, DE 19899 |
| Hassen A. Sayeed | (302) 658-9200 |
| Daniel O'Boyle | jblumenfeld@morrisnichols.com |
| Carolyn S. Wall | jtigan@morrisnichols.com |
| James Yi Li | |
| Mark A. Hayden | *Attorneys for Plaintiffs* |
| O'MELVENY & MYERS LLP | |
| 7 Times Square | |
| New York, NY 10036 | |
| (212) 326-2000 | |

July 23, 2021